*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| HOLLIS S. FRENCH, | ) |
| | ) Supreme Court No. S-17822 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-19-06694 CI |
| v. | ) |
| | ) O P I N I O N |
| ALASKA OIL & GAS | ) |
| CONSERVATION COMMISSION, | ) No. 7553 – September 3, 2021 |
| | ) |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth and Adolf V. Zeman, Judges.

Appearances: Hollis S. French, Anchorage, Appellant. Thomas A. Ballantine, Senior Assistant Attorney General, Anchorage, and Clyde "Ed" Sniffen, Jr., Attorney General, Juneau, for Appellee.

Before: Winfree, Maassen, and Carney, Justices. [Bolger, Chief Justice, and Borghesan, Justice, not participating.]

WINFREE, Justice.

## I. INTRODUCTION

An agency denied an individual's request for a hearing regarding a reported natural gas leak and whether the leak constituted "waste" under Alaska law. The agency concluded it had no jurisdiction over the matter because it previously had investigated

and had concluded the leak did not constitute "waste." The individual appealed to the superior court, which affirmed the agency's decision. We reverse.

## II.    FACTS AND PROCEEDINGS

The Alaska Oil and Gas Conservation Commission is a quasi-judicial agency charged with investigating waste of oil and gas resources.[1] The parties agree that in early 2017 a gas line operated by Hilcorp Alaska, LLC leaked gas into Cook Inlet. In February 2019 Hollis French petitioned the Commission "for a hearing on a complaint of waste."[2] French alleged: "The waste occurred from a[n] 8 [inch] line carrying fuel gas to Platform A in Cook Inlet, which is operated by Hilcorp. The line leaked gas to the atmosphere for approximately three months in the winter and spring of 2017." French noted that at the hearing he would "be urging the [C]ommission to take action upon [his] complaint."

The Commission responded in March 2019, stating that it had "investigated the leak at the time it occurred" and that it had concluded "the leaking gas had been purchased by Hilcorp from a third-party provider . . . and was being shipped back to Platform A." The Commission stated it had already concluded that, because the leaking gas had been "metered and severed from the property," the leaking gas could not be waste and the Commission therefore had no "waste jurisdiction over [the] gas."

---

[1]    AS 31.05.005(a) (describing Commission as "independent quasi-judicial agency of the state . . . composed of three Commissioners appointed by the governor and confirmed by the legislature in joint session"); AS 31.05.030(b) (requiring Commission to "investigate to determine whether . . . waste exists or is imminent, or whether . . . facts exist which justify or require action by it"); *see also* AS 31.05.170(15) (defining waste).

[2]    *See* AS 31.05.060(a) (noting that "[C]ommission may act upon . . . the petition of an interested person" and that "[o]n the filing of a petition concerning a matter within the jurisdiction of the [C]ommission . . . , the [C]ommission shall promptly fix a date for a hearing[] and shall cause notice of the hearing to be given").

According to the Commission, "[a]bsent jurisdiction, there [was] no basis for a hearing." French requested reconsideration, which was denied by operation of law.[3]

French appealed to the superior court, which affirmed the Commission's decision. The court applied rational basis review and concluded the Commission's determination, that gas once metered and severed from a property could not be waste, was reasonable. French moved for reconsideration, arguing that the superior court failed to address the agency's conclusion regarding its jurisdiction over the gas leak. The court denied French's motion for reconsideration. At the Commission's request, the superior court awarded the Commission $6,270 in attorney's fees.[4] French appeals.

## III. STANDARD OF REVIEW

"When the superior court is acting as an intermediate court of appeal in an administrative matter, we independently review the merits of the agency or administrative board's decision."[5] "We exercise our independent judgment on [any] issue concerning the scope of an agency's authority [because] it involves statutory interpretation, or analysis of legal relationships, about which courts have specialized knowledge and expertise."[6] We review an agency's factual findings "to determine

---

[3]     *See* AS 31.05.080(a) (providing that failure to grant or refuse application for reconsideration within ten days of filing "is a refusal of [the application] and a final disposition of the application").

[4]     *See* Alaska R. App. P. 508(e).

[5]     *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 267 P.3d 624, 630 (Alaska 2011).

[6]     *Regulatory Comm'n of Alaska v. Matanuska Elec. Ass'n.*, 436 P.3d 1015, 1025 (Alaska 2019) (first alteration original) (quoting *Far N. Sanitation, Inc. v. Alaska Pub. Utils. Comm'n*, 825 P.2d 867, 871 n.6 (Alaska 1992)).

whether they are supported by substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support [the agency's] conclusion."[7]

## IV. DISCUSSION

"The [C]ommission may act upon its own motion[] or upon the petition of an interested person. On the filing of a petition concerning a matter within [its] jurisdiction . . . , the [C]ommission shall promptly fix a date for a hearing, and shall cause notice of the hearing to be given."[8] French filed a petition alleging that the Cook Inlet gas leak constituted waste. The parties appear to assume that French is an interested person. The only issue thus is whether French's petition contained a matter within the Commission's broad jurisdiction.

"The [C]ommission has jurisdiction and authority over all persons and property, public and private, necessary to carry out the purposes and intent of this chapter."[9] French argues that because the Commission is required to "investigate whether waste exists," the text of the statute gives the Commission jurisdiction over waste determinations.[10] French also presents several policy arguments why the jurisdiction statute should be read broadly. The Commission concedes that it "has statewide jurisdiction over waste" but argues that it was required to determine whether the leak was waste before it could exercise jurisdiction because "[a]bsent waste, there is no waste jurisdiction."

---

[7] *Shea*, 267 P.3d at 630 (quoting *Lopez v. Adm'r, Pub. Emps.' Ret. Sys.*, 20 P.3d 568, 570 (Alaska 2001)).

[8] AS 31.05.060(a).

[9] AS 31.05.030(a).

[10] *See* AS 31.05.030(a)-(b).

The Commission's jurisdiction argument puts the cart before the horse. The Commission's mission is investigating and identifying oil and gas waste,[11] and it therefore has jurisdiction over "all persons and property, public and private, necessary to" investigate and identify oil and gas waste.[12] The Commission thus had jurisdiction over the leak at issue. If we accepted the Commission's understanding of jurisdiction, the Commission could always undermine AS 31.05.060(a)'s hearing requirement by deciding the substantive issue behind closed doors and then disclaiming jurisdiction.

The Commission argues that it properly denied French's request for a hearing because it already had investigated the leak and made a waste determination. But even assuming the Commission can deny a hearing because it previously investigated and decided a matter, the factual assertion that it has done so must be supported by substantial evidence.[13] The Commission's statements about having investigated whether the leak was waste are wholly unsupported. The Commission's dismissal order contains several factual statements about the alleged investigation and waste determination, but there is no supporting evidence in the administrative record.

French's request for a hearing therefore was improperly denied. The Commission has jurisdiction over waste determinations, and substantial evidence does not support its assertion that it investigated and concluded this leak was not waste.

---

[11]     AS 31.05.030(b) ("The [C]ommission shall investigate to determine whether or not waste exists or is imminent, or whether or not other facts exist which justify or require action by it.").

[12]     *See* AS 31.05.030(a).

[13]     *See supra* note 7 and accompanying text.

## V. CONCLUSION

The superior court's decision is REVERSED, its attorney's fees award is VACATED, and this matter is REMANDED to the Commission for further proceedings consistent with this opinion.